IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL VÁZQUEZ RIVERA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNIÓN DE TRONQUISTAS DE PUERTO RICO LOCAL 901, et al., <br><br> Defendants. | CIVIL NO.: 13-1949 (MEL) |

**OPINION AND ORDER**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Angel Vázquez Rivera ("Vázquez Rivera") was an employee of Unión de Tronquistas de Puerto Rico Local 901 ("Local 901").[1] He and his wife, Rosa I. Nieves Vega ("Nieves"), were beneficiaries of his group health plan. On January 22, 2013, Vázquez Rivera was discharged from his employment with Local 901. Since being discharged Vázquez Rivera did not have medical insurance through his employer or any other insurer. Nieves also did not have medical insurance beginning on the date of Vázquez Rivera's discharge until October 1, 2013, when she individually obtained a medical insurance plan. From January 22, 2013, to December 24, 2014, Vázquez Rivera did not visit or receive medical treatment from any doctor.

On December 26, 2013, Vázquez Rivera, Nieves, and the conjugal partnership shared between them (collectively "plaintiffs") filed a complaint against Local 901 and Hoffa Medical Center Plan de Salud y Bienestar de la Unión de Tronquistas de PR ("Hoffa") alleging they did not notify plaintiffs of their rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C.

---

[1] As plaintiffs are not challenging the factual findings' of the opinion and order granting summary judgment (ECF No. 76), those facts are adopted here.

1

§ 1001 *et seq*. ECF No. 1. Plaintiffs amended the complaint on May 16, 2014 to add defendant Plan de Pensiones Unión de Tronquistas ("Pension Plan") (ECF. No. 21) and again on June 26, 2014 (ECF No. 54). On December 15, 2014, Local 901 and Hoffa filed a motion for summary judgment (ECF No. 70), which Pension Plan joined (ECF No. 73), and plaintiffs opposed (ECF. No. 74).

On July 30, 2015, the motion for summary judgment was granted. ECF No. 76. Judgment was entered dismissing with prejudice all claims in the complaint on August 6, 2015. ECF No. 77.

## II.     LEGAL STANDARD

Plaintiffs move for reconsideration of this judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Reconsideration of a judgment under either rule is considered an extraordinary remedy. See Ira Green, Inc. v. Military Sales & Service Co., 775 F.3d 12, 28 (1st Cir.2014) (stating the discretion to grant a Rule 59(e) motion "must be exercised with considerable circumspection," because "revising a final judgment is an extraordinary remedy and should be employed sparingly."); Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) ("[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly.").

Rule 59(e) does not identify grounds for relief, instead leaving the matter to the discretion of the trial court. Ira Green, Inc., 775 F.3d at 27. The First Circuit Court of Appeals has clarified, however, that motions under this provision should be granted only "when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Ocasio–Hernández v. Fortuño–Burset, 777 F.3d 1, 9 (1st Cir.2015) (citing Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir.2014)). Rule 59(e) may not be used as a vehicle to "to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment" or "to regurgitate old arguments previously considered and rejected." Biltcliffe, 772 F.3d at 930 (internal quotations omitted).

"Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir. 2015) (quoting Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992)). This rule, in contrast to Rule 59(e), does identify specific grounds on which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs' motion does not identify the specific grounds on which they are moving, however they have not argued any mistake or excusable neglect under Rule 60(b)(1), identified any newly discovered evidence under Rule 60(b)(2), or alleged any fraud or misconduct under Rule 60(b)(3). "A judgment is void, and therefore subject to relief under Rule 60(b)(4), *only* if the court that rendered judgment lacked jurisdiction *or* in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990). Again plaintiffs' argument does not appear directed at these concerns. Further, as this case ended in a dismissal, Rule 60(b)(5) that "applies only to judgments having prospective application," Comfort v. Lynn Sch. Comm., 560 F.3d 22, 28 (1st Cir. 2009), is inapplicable. This leaves the "catch-all provision" of Rule 60(b)(6), which "authorizes the district court to grant relief from judgment for 'any other reason that justifies relief.'" Ungar v. Palestine Liberation Organization, 599 F.3d 79, 83 (quoting Fed.R.Civ.P. 60(b)(6)).

### III. LEGAL ANALYSIS

Where an employee participates in an employer's group health insurance plan, COBRA requires notice to employees and "qualified beneficiaries," including spouses and dependent children, of their option to continue health insurance coverage upon termination of employment. 29 U.S.C. §§ 1163(2),

3

1166(a)(2, 4), (b), (c). As the burden of production at the summary judgment stage was on defendants yet they failed to provide evidence of COBRA notification, it was presumed that proper notification was not given. ECF No. 76, 5.

Failure to notify a beneficiary of their rights under COBRA can make the plan administrator liable up to $110 per day in statutory penalties. 29 U.S.C. § 1132(c)(1); see also Torres Negrón v. Ramallo Bros. Printing, Inc., 203 F.Supp.2d 120, 125 (D.P.R. 2002) ("[I]f a plan administrator fails to provide requisite COBRA notice, the court has discretion to find the administrator . . . liable to the participant . . . for up to $110 a day from the date of the failure until the date of correction."). Courts, however, have broad discretion in deciding whether to award these statutory penalties for violations of 29 U.S.C. § 1166(a)(1). Kerkhof v. MCI WorldCom, Inc., 282 F.3d 44, 56 (1st Cir. 2002) ("The penalty provision expressly leaves it 'in the court's discretion' to determine whether penalties are appropriate for a failure to disclose." (citing 29 U.S.C. § 1132(c)(1)).

Although neither bad faith on the part of the employer nor prejudice on the part of the former employee is required to support the imposition of penalties, courts have been disinclined to impose penalties in the absence of either. González Villanueva v. Warner Lambert, 339 F.Supp.2d 351, 359 (D.P.R. 2004). The First Circuit Court of Appeals has accepted that courts may, in the exercise of their discretion on this matter, grant dispositive weight to these considerations. Kerkhof, 282 F.3d at 55–56 (rejecting argument that it was error for district court to require a showing of bad faith or prejudice and affirming decision not to impose penalties pursuant to § 1132(c)(1) in the absence of a showing of either harm to the plaintiff or bad faith on the part of the plan administrator); see also Rodríguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 588–89 (1st Cir. 1993) (finding that the district court did not abuse its discretion by declining to impose penalties against the plan administrator in the absence of evidence of bad faith or harm to plaintiffs). Generally, "[i]f the plan participant cannot show that he/she

had been adversely affected in some *significant* fashion, the discretionary penalty allowed by the statute is rarely imposed." González Villanueva, 339 F.Supp.2d at 359 (emphasis added and citations omitted); Berrios-Cintrón v. Capitol Food, Inc., 497 F.Supp.2d 266, 271 (D.P.R. 2007) (citing Rodríguez-Abreu, 986 F.2d at 588–89 and Kerkhof, 282 F.3d at 6); see also Gómez v. St. Vincent Health, Inc., 649 F.3d 583, 590-91 (7th Cir. 2011), as modified (Sept. 22, 2011) (affirming district court's decision to decline to award statutory penalties where plan participants were not "significantly prejudiced by the delay in notification."); Jordan v. Tyson Foods, Inc., 312 F. App'x 726, 736 (6th Cir. 2008) (affirming district court's decision to decline to award statutory penalties where counsel for the plan participant "was not able to articulate any appreciable harm" from the failure to provide notice).

In the motion for reconsideration, plaintiffs essentially have three arguments. First, they allege that "the court completely omits the basic and essential uncontested facts related to the prejudice which is that Plaintiffs, as a consequence of the lack of notifications, stayed for a prolonged period of time without medical insurance." ECF No. 78, at 1. On the contrary, in granting the motion for summary judgment, it was acknowledged as uncontested fact that Vázquez Rivera did not have medical insurance from the date of his discharge and that Nieves was without medical insurance from the date of her husband's discharge until October 1, 2013. ECF No. 76, at 2. It was specifically recognized that "it is indeed possible that [Vázquez Rivera] experienced harm due to a lack of insurance coverage, such as an aggravation of his dental or joint problems due to delayed treatment or pain that could have been mitigated by prescription medications[;]" however, it was determined that "such a finding would be speculative on the record." ECF No. 76, at 9. Plaintiffs stated, for instance, that their "access to medical services has been impaired" and that both Vázquez Rivera and Nieves "took medicines after June 2014." ECF No. 76, at 7. However, these statements were too vague and conclusory to support a determination that they experienced actual harm as a result of the failure to notify. Further, although Nieves asserted

that she had "medical conditions that could not be treated medically" during the period she was without insurance, the lack of specificity again prevented a finding of harm without "additional detail regarding these conditions, what type of treatment she might have obtained had she been notified of her right to continued coverage under COBRA, or whether she experienced harm or injury due to a delay in treatment and / or an aggravation of these conditions." ECF No. 76, at 8.

Plaintiffs next contend that in Rodríguez v. Int'l Coll. of Bus. & Tech., Inc., 364 F.Supp.2d 40 (D.P.R. 2005) this district court has found prejudice and awarded the penalty with less damages than were present in this case. Int'l Coll. of Bus. & Tech. was, however, addressed in the opinion and order granting summary judgment. ECF No. 76, at 8. Specifically, it was noted that courts have found prejudice when individuals not only go for a period of time without medical insurance, but additionally enroll in a health plan with higher premiums. Id. As was then explained:

> Although Nieves obtained coverage approximately nine months after the alleged qualifying event, plaintiffs do not argue that they suffered prejudice in the form of higher premiums. Furthermore, such a finding would be speculative, as they have not cited to evidence that the premiums of the health insurance plan in which she enrolled in October, 2013, were higher than the premiums of her former health plan.

Id. In that case the plaintiff was able to point to demonstrable harm, the higher premium. It was not the time without insurance alone that resulted in the imposition of penalties. Additionally, the court there noted that the employer was "in gross violation of COBRA in that it routinely does not provide COBRA notifications to employees and/or does not retain COBRA records." Int'l Coll. of Bus. & Tech., 364 F.Supp.2d at 50. There was no similar evidence here to suggest this was an ongoing and systematic disregard of COBRA requirements.

Lastly, plaintiffs allege the penalty should be applied in the absence of bad faith or prejudice because it serves as a deterrent. Ultimately, however, as noted above, the penalties here are left to judicial discretion. 29 U.S.C. § 1166(a)(1). Congress did not, for instance, mandate the payment of a

6

penalty upon failure to notify. In exercising this discretion, the court addressed not just the decision from this court that plaintiffs identify, but also surveyed other district court decisions on this largely fact-specific question. See ECF No. 76, at 8–9 (comparing Ferguson v. Vice–President of Human Res., 2001 WL 34070237, at *5 (S.D.Tex. Aug.13, 2001), O'Shea v. Childtime Childtime, Inc., No. 01-CV-1264(DRH), 2002 WL 31738936, at *7 (N.D.N.Y. Dec. 2, 2002), Fadalla v. Life Auto. Products, Inc., No. 206CV02679BBDTMP, 2009 WL 3295369, at *3 (W.D. Tenn. Oct. 13, 2009), and Miles–Hickman v. David Powers Homes, Inc., 589 F.Supp.2d 849, 880 (S.D.Tex. 2008)). Although courts may choose to impose the penalty on deterrence grounds alone, the First Circuit Court of Appeals has accepted the use of bad faith or prejudice as dispositive factors. Kerkhof, 282 F.3d at 55–56. Thus, there was no error, let alone error requiring the extraordinary remedy of reconsideration of a final judgment.

Plaintiffs' motion to alter and amend the judgment and requesting reconsideration is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of July, 2016.

s/Marcos E. López<br>U.S. Magistrate Judge